UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PRABHJOT K KANG,<br><br>                      Plaintiff,<br>    v.<br><br>WESTERN GOVERNORS UNIVERSITY,<br><br>                      Defendant. | CASE NO. 3:22-cv-05861-RJB<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE |

      This matter comes before the Court on the Defendant Western Governors University's Motion for Summary Judgment. Dkt. 16. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

      This breach of contract case arises after the *pro se* Plaintiff alleges that Western Governors University improperly accused her of plagiarizing five essays, and when she did not complete the required makeup assignments and pay additional money, put a permanent hold on her Masters of Business Administration ("MBA") degree. Dkt. 1. The Defendant now moves for summary judgment. Dkt. 16. The motion (Dkt. 16) should be granted because the doctrine of res judicata bars all Plaintiff's claims.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE - 1

## I.  RELEVANT FACTS AND PROCEDURAL HISTORY

**A. FACTS**

Western Governors University is a private, online university.  Dkt. 17-4 at 4.  It has a Student Handbook that includes a Code of Student Conduct ("Student Code) and Academic Authenticity policies that prohibit cheating.  Dkt. 17-4.  The Student Code sets out the disciplinary processes and sanctions for violations of the Student Code and Academic Authenticity policies.  *Id.*

While a student, the Plaintiff was disciplined after a hearing for several different instances of plagiarism which were considered cheating under the Student Code and Academic Authenticity policies.  Dkt. 17-4.  The Plaintiff appealed the decision, asserting, in part, that there was "ongoing propaganda against her" and that it "fits the pattern of propaganda in the gender biased East Indian community that [she] was a dumb girl."  *Id.* at 36-37.  She also contended that the documents had been fabricated.  *Id.* at 36.  The sanctions were upheld.  Dkt. 17-4 at 443-47.

The Plaintiff, represented by a lawyer, then filed a Complaint against Defendant in Pierce County, Washington Superior Court.  *Kang v. Western Governors University, et. al.,* Pierce County, Washington Superior Court case number 19-2-08319-6.  In her first amended complaint in that case, she made claims for breach of contract, violation of the covenant of good faith and fair dealing, violation of the Washington Consumer Protection Act, RCW 19.86, *et. seq.,* and violation of the Washington Law Against Discrimination, RCW 49.60, *et. seq.* asserting that Defendant "wrongly accused Plaintiff of plagiarism" and "wrongfully imposed a variety of sanctions." Dkt. 17-1.  In addition to violating their contract and discriminating against her based on her race, she contended that the Defendant "inserted falsified material into essays" and "deleted data from documents submitted by the Plaintiff online."  *Id.* at 6-9.  On January 7, 2021, the Defendant moved for summary judgment on all claims.  Dkt. 17-3.  The Plaintiff responded

1  and opposed the motion.  Dkt. 17-7.  On February 8, 2021, Defendant's motion for summary

2  judgment was granted by the Pierce County, Washington Superior Court and all Plaintiff's

3  claims were dismissed with prejudice.  Dkt. 17-2.  The Plaintiff, acting *pro se,* appealed the

4  superior court's decision to the Washington State Court of Appeals (Dkt. 17-12) which denied

5  her appeal (Dkt. 17-13).  Her petition for review with the Washington State Supreme Court was

6  denied on August 10, 2022 (Dkt. 17-15) and the Washington State Court of Appeals issued the

7  mandate (Dkt. 17-16) nine days later.

8  The Plaintiff filed this case on November 8, 2022.  Dkt. 1.  The Defendant now moves for

9  summary judgment.  Dkt. 16.  The Plaintiff has responded and opposes the motion.  Dkt. 18.

10 The Defendant has replied (Dkt. 19) and the motion is ripe for consideration.

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt.").  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve

the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986); *T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, which is a preponderance of the evidence in most civil cases. *Anderson,* 477 U.S. at 254; *T.W. Elect.,* 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888–89 (1990).

**B. RES JUDICATA**

"Res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties from relitigating all issues connected with the action that were or could have been raised in that action." *Rein v. Providian Fin'l Corp.*, 270 F.3d 895, 898–99 (9th Cir. 2001). "Claim preclusion is appropriate where: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same claim or cause of action was involved in both suits." *Id.* at 899.

    1.    <u>Identity of Parties</u>

The parties are identical in both lawsuits. Dkts. 1 and 17-1. This element is met.

    2.    <u>Court of Competent Jurisdiction</u>

1     Plaintiff filed her state court action with the Pierce County, Washington Superior Court.

2 Dkt. 17-1. No jurisdictional issues were raised during the pendency of that case. The judgment in

3 the previous action was rendered by a court of competent jurisdiction.

          3. <u>Final Judgment on the Merits</u>

5     "'[F]inal judgment on the merits" is often used interchangeably with 'dismissal with

6 prejudice.'" *Stewart v. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (*citation omitted*). "[A]

7 federal court must give to a state-court judgment the same preclusive effect as would be given

8 that judgment under the law of the State in which the judgment was rendered." *Migra v. Warrant*

9 *City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

10     The Pierce County, Washington Superior Court order granting Defendant's motion for

11 summary judgment constitutes a final decision on the merits.

          4. <u>Identity of Claims</u>

13     In determining whether a present dispute concerns the same claims that were resolved in

14 prior litigation, courts look at several factors—but one factor is "outcome determinative." *Mpoyo*

15 *v. Litton Electro-Optical Systems*, 430 F.3d 985, 988 (9th Cir. 2005). The determinative factor is

16 "whether the two suits arise out of the same transactional nucleus of facts." *See Headwaters Inc.*

17 *v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005)(*citations omitted*); *see also Frank v.*

18 *United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000)("The central criterion in determining

19 whether there is an identity of claims between the first and second adjudications is 'whether the

20 two suits arise out of the same transactional nucleus of facts.'")(*quoting Costantini v. Trans*

21 *World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir.1982)). "Whether two events are part of the

22 same transaction or series depends on whether they are related to the same set of facts and

whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992).

Plaintiff's claims in this case and the Pierce County, Washington Superior Court case are either the same claims already raised or are related to an identical transactional nucleus of facts. Plaintiff's claims in both cases relate to her discipline for plagiarism of essays she submitted while an MBA student. *Compare* Dkt. 1 *with* Dkt. 17-1. While her response discusses "forgery" and "tampering with evidence" as though they are new claims, those claims were raised in the prior state court litigation. All claims in this case were either raised, or could have been raised, in the Pierce County, Washington Superior Court case. There is the same identity of claims between the two actions.

### 5. Conclusion

Defendant has demonstrated each of the four elements of res judicata. Plaintiff's claims in this case, all of which are connected to the Pierce County, Washington Superior Court action, are therefore barred. The Court should dismiss Plaintiff's claims and dismiss this case.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant's Motion for Summary Judgment (Dkt. 16) **IS GRANTED;**
- The Complaint **IS DISMISSED WITH PREJUDICE;** and
- This case **IS CLOSED.**

///

///

///

///

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 3rd day of April, 2023.

ROBERT J. BRYAN
United States District Judge